**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.P.**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 19-0509** (Mingo County 18-JA-105 and 18-JA-106)

**MEMORANDUM DECISION**

Petitioner Mother A.T., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's April 24, 2019, order accepting her voluntary relinquishment of her parental rights to M.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Marsha Webb-Rumora, filed a response on behalf of the child also in support of the circuit court's order. Petitioner filed her "Supplemental Statement Pursuant to Order of the West Virginia Supreme Court of Appeals" on November 8, 2019.[2] On appeal, petitioner argues that the circuit court erred in failing to rule upon her request for post-termination visitation in its April 24, 2019, order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's appeal originally concerned post-termination visitation with two children, H.P. and M.P. The DHHR placed H.P. with petitioner's sister, but placed M.P. with his biological father. Upon review of the circuit court's "Post Relinquishment Agreed Order Regarding Visitation" entered on August 23, 2019, the Court issued an order requiring that petitioner submit a statement as to whether her appeal was moot. Petitioner responded that the order resolved "issues of visitation between [petitioner] and H.P.," but did not address visitation between petitioner and M.P. As such, H.P. is not at issue on appeal.

1

Given that petitioner's lone assignment of error concerns the circuit court's failure to address her request for visitation with the child following her voluntary relinquishment of parental rights, a detailed recounting of the specific facts of the conditions of abuse and neglect giving rise to the petition's filing is unnecessary. Briefly, we note that the DHHR's petition, filed in November of 2018, contained allegations of substance abuse, domestic violence, and an incident in which petitioner was arrested for driving while under the influence of drugs after she crashed her vehicle with the child inside. Further, after petitioner made certain admissions during a contested adjudicatory hearing in January of 2019, the circuit court adjudicated petitioner as an abusing parent.

Similarly, as petitioner does not challenge the circuit court's acceptance of her voluntary relinquishment of parental rights to the child, it is sufficient to note that the circuit court accepted the relinquishment in its April 24, 2019, dispositional order. Although this is the order on appeal to this Court, we nonetheless recognized the later entry of the circuit court's "Post Relinquishment Agreed Order Regarding Visitation" and the possibility that the entry of this order mooted petitioner's appeal. Apparently recognizing that "[t]he [d]ispositional [o]rder entered April 24, 2019[,] did not make any provisions for post-relinquishment visitation for [petitioner] and her child," the circuit court entered this agreed order in an attempt to remedy that oversight. However, the order explicitly referred to petitioner's "child," as opposed to children, and granted "discretion with respect to contact and visitation" to "the guardian of [H.P.]" As noted above, H.P. was another child at issue below who is not at issue in this appeal. As such, the record shows that, despite the entry of an order to correct the circuit court's earlier failure to rule on petitioner's request for visitation with both of her children subsequent to her voluntary relinquishment, the circuit court has still failed to rule on the issue of petitioner's continued visitation with M.P. It is from the April 24, 2019, dispositional order that petitioner appeals.[3]

On appeal, petitioner argues that the circuit court erred in failing to address her request for post-termination visitation with the child in both its April 24, 2019, dispositional order and its subsequent order regarding ongoing visitation. Upon our review of the record, we agree. We have held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syllabus Point 5, *In re Christina L.,* 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl., *In re Alyssa W.*, 217 W. Va. 707, 619 S.E.2d 220 (2005).

Here, the record affirmatively shows that the circuit court acknowledged its failure to rule on continued visitation and attempted to rectify that oversight in its subsequent order regarding visitation. In the subsequent order, the circuit court made findings only in regard to H.P. and made

---

[3]The permanency plan for M.P. is to remain in his nonabusing father's custody.

absolutely no reference to now ten-year-old M.P. As such, we agree with petitioner's claims that the circuit court erred in not addressing visitation with regard to M.P.

For the foregoing reasons, we remand this matter to the circuit court for the entry of an order addressing post-termination visitation with M.P. Given that we find no substantive error in the circuit court's April 24, 2019, dispositional order, beyond the fact that it did not include a ruling on the issue of visitation, vacation is not warranted and the order is hereby affirmed.

Affirmed and remanded for further proceedings.

**ISSUED**: February 7, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3